UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal No. 06-227 (RBW) |
| | : |
| v. | : |
| | : |
| LANIKA MERCEDES FRANKLIN | : |
| _____ | : |

**GOVERNMENT'S MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests this Court, having already agreed to exclude the time period between September 29, 2006, and March 29, 2007 (180 days) for the earlier-arrested defendants, to now exclude 95 days between December 23, 2006 and March 29, 2007, under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A) with respect to Defendant Lanika Mercedes Franklin. As grounds for this motion, the United States shows:

The remaining defendants in this case are charged in a one count indictment, which charges that the defendants, from on or about 2004, and continuing up to and including July, 2006, conspired to distribute and possess with intent to distribute one kilogram or more of Phencyclidine, also known as PCP.

The instant indictment charges a group of individuals who served as the suppliers of PCP to the wholesale drug sellers in the District of Columbia and suburban Maryland. The supplier from Compton, California and the conspiracy's repertoire of California-based, female couriers, including Ms. Franklin, are also charged in the indictment. Some of the named defendants have been investigated by the Drug Enforcement Agency (DEA) in Maryland for more than two years, while

others have been investigated by the Federal Bureau of Investigation in Washington, D.C. (FBI) for more than one year. In addition, several other law enforcement agencies have been involved in the investigation into this case including, but not limited to the Metropolitan Police Department, the Prince George's County Police Department, the Los Angeles County Police Department, and the Los Angeles County Sheriff's Department.

Also, several of the defendants remain fugitives, including the women who worked with Ms. Franklin to transport drugs across the country.

The investigation involves a court-authorized Title III wiretaps in which over 2,000 telephone calls were intercepted and recorded; controlled purchases from the defendants and co-conspirators which were conducted using video and audio recording devices; the execution of search warrants at over 10 different locations in California, Maryland, and Washington, D.C.; and, related surveillance operations. The grand jury investigation of the defendants and other targets is continuing.

The companion case to this case is United States v. Damon Dixon, from which the United States Attorney's Office for the District of Columbia is conflicted. The Dixon case involves the same conspiracy. Discovery for that related case was provided to counsel, Mr. Steven McCool, this week.

Given the voluminous nature of the evidence on which the related indictments are based, discovery review by able counsel in this matter will be protracted and time-consuming. Mr. Gary Sidell, the attorney for Ms. Franklin, has had the disks holding the discovery for less than two week as of this writing. New counsel for Troy Chavious has likewise had the discovery for less than one month and has requested additional time for review of the materials as well.

While the government has provided discovery to all counsel at this time, it is clear that counsel will need ample time to review the materials and confers their clients. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video, wiretap conversations, controlled buy paperwork, surveillance paperwork, videotapes, audiotapes, etc. The FBI has prepared draft transcripts, but these transcripts need to be reviewed and edited by the FBI in order to make sure they are suitably ready for use in trial.

Due to the nature of the ongoing investigation, additional discovery will need to be provided as necessary. Government's counsel also predicts that the arrest of the remaining fugitives in the case will generate new discovery as well.

The vast amount of evidentiary material will prolong the discovery process and necessitate a lengthy period of time for pretrial preparation.

Also, this Court has already ruled to exclude the time until March 29, 2007 from the Speedy Trial Act for the other defendants.

Title 18, United States Code, Section 3161(h)(8)(A) allows the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A). Where the Court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the Court may exclude such time

as necessary to serve the ends of justice.  18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii) and (iv).

Based upon the amount of evidence involved, the voluminous discovery involved, the need for sufficient time to research, draft and file motions, and prepare transcripts and other evidence for trial, the recent arrest of Ms. Franklin, the remaining fugitive-status of several of the defendants, and the addition of new counsel for Defendant Troy Chavious, the United States submits that this case is sufficiently unusual and complex and that a reasonable time is necessary for the effective preparation by both the defense and the Government.  Indeed, at this time, the circumstances of this case support the exclusion of time between December 23, 2006, and March 29, 2007 (95 days), if not longer, pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii) and (iv).[1]  This additional time also is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to prepare a defense for trial.  See United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988) (trial court has broad discretion to grant speedy trial exclusion based on complexity of the case when such factor complexity makes it necessary to prepare for fair trial; concluding that "[i]t was hardly an abuse of discretion to hold a nineteen-defendant case to be complex."); United States v. Butz, 982 F.2d 1378 (9th Cir.) (excludable time based on extra time needed to complete discovery, file pretrial motions and prepare defense in a nine co-defendant drug conspiracy involving 29 separate charges), cert. denied, 510 U.S. 891 (1993); U.S. v. Jean, 25 F.3d 588, 595 (7th Cir. 1994).

---

[1]  Indeed, based upon the volume of evidence in this case, the likelihood of a superseding indictment, and the logistics associated with twelve defendants in the related indictments, the Government believes that it is possible an additional motion after 95 days may be necessary.

WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court to enter an Order excluding from computation under the Speedy Trial Act the time period from December 23, 2006, and March 29, 2007 (95 days) with respect to Defendant Lanika Mercedes Franklin.

    Respectfully submitted,

    JEFFREY A. TAYLOR.
    United States Attorney


By:    _____
    S. ELISA POTEAT
    Bar No. 420-604
    EMORY V. COLE
    Assistant United States Attorneys
    555 4th Street, N.W.
    Washington, D.C. 20530

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of this motion has been E-mailed or faxed to the below-listed counsel for the defendants, on this 22nd day of December, 2006:

1)    Howard Bernard Katzoff, Esq.
      Counsel for Defendant Lawrence Bryant
      katzoffh@aol.com

2)    James W. Rudasill, Jr., Esq.
      Counsel for Defendant John Downs
      rudasilljr7@aol.com

3)    Nathan Silver, Esq.
      Counsel for Defendant Darnell Jackson
      nisquire@aol.com

4)    Rudy Acree, Esq.
      Counsel for Defendant Bernie Hargrove
      Faxed to 202-331-7004

5)    Jensen Barber, Esq.
      Counsel for Defendant Keith Roots
      jebarber@aol.com

6)    Gary Sidell, Esq.
      Counsel for Defendant Lanika Mercedes Franklin
      suitcase@verizon.com

7)    Harry Tun, Esq.
      Counsel for Defendant Troy Chavious
      Tunharry@aol.com

      S. ELISA POTEAT
      ASSISTANT UNITED STATES ATTORNEY