UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 06-227-10 (RBW) |
| | : | |
| LANIKA MERCEDES FRANKLIN | : | Status Hearing: 1-12-07 |

LANIKA MERCEDES FRANKLIN'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT

Pursuant to the provisions of Fed. R. Crim. P. 12, LCr.R 47 and 49.1, and 18 U.S.C. 3161, et. seq., defendant Lanika Mercedes Franklin, by her attorney, Gary M. Sidell, hereby submits her Opposition to Government's Motion for Exclusion of Time Under the Speedy Trial Act ("Motion").  As grounds for her opposition, Ms. Franklin states the following:

1. On July 27, 2006, Ms. Franklin was indicted with thirteen (13) others.  Ms. Franklin was indicted on only one (1) count charging her with violation of 21 U.S.C. § 846, involving alleged PCP.  The conspiracy, according to the indictment, occurred between September, 2005 and July 27, 2006, a duration of approximately eleven (11) months.  The indictment, however, includes four (4) counts plus a forfeiture claim.

2. On November 7, 2006, Ms. Franklin was arraigned on the indictment.  At that proceeding, Ms. Franklin was ordered detained pending a detention hearing set for November 13, but continued until November 15, 2006.

3.     On November 15, 2006, at the conclusion of the detention hearing, the Honorable Magistrate Judge Kay, ordered that Ms. Franklin would be held without bond on the request of the United States Attorney and over opposition by Ms. Franklin.

4.     On November 22, 2006, the Honorable Magistrate Judge Kay issued his Detention Memorandum (docket 57) in which he found that ". . . [Ms. Franklin] was involved in the conspiracy as part of a repertoire of couriers. . . ." and ". . . as a low-level courier in a PCP drug-trafficking conspiracy." See, Docket 57 @ page 2.  The United States Attorney's detention hearing proffer alleged that Ms. Franklin traveled between California and Dulles International Airport on only three (3) occasions: October 30, 2005, May 10, 2006 and May 23, 2006.  See, Docket 57 @ page 2, fn 2.  Most importantly, however, only on the last trip, May 23, 2006, was there any allegation that any controlled substance, e.g., PCP, was seen or seized by law enforcement.  Indeed, despite a law enforcement seizure of allegedly one (1) gallon of PCP from Ms. Franklin's checked luggage on the May 23 date, she was not then and there arrested, but permitted to go on her way.  Ms. Franklin was not arrested in this case until the latter half of October, 2006, in her state of residence, California.

5.     On December 20, 2006, the United States Attorney filed its current motion for exclusion of 95 days (from December 23, 2006 until March 29, 2007) under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(8)(A).  Docket 62.  The grounds for this requested exclusion include: (1) several co-defendants remain fugitives; (2) there is voluminous discovery material including more than 2000 intercepted telephone calls, video and audio recordings and (3) the execution of search warrants at more than 10 locations in California, Maryland and Washington, D.C.  Docket 62 @ 2.

6. Ms. Franklin objects to the requested delay on the bases proffered. Ms. Franklin, by representations of the prosecution, is allegedly involved in this 11 month conspiracy only for the time period of October 30, 2005, to May 23, 2006, and involving three (3) alleged transcontinental trips. Moreover, based upon discovery provided to counsel to date, there appear to be no intercepted calls involving Ms. Franklin. Indeed, the prosecution has proffered, and Magistrate Judge Kay has found, that Ms. Franklin is alleged only to be part of a group of "low-level courier[s]," as distinct from those co-defendants more directly and immediately involved with any controlled substances. Ms. Franklin submits that such finite information does not justify the requested delay, or the suggested anticipated further delay which the prosecution may seek. Indeed, given the fact of 14 defendants indicted here, and the practical limitations of proceeding to trial with no more than seven (7) defendants at any one time, as urged by the United States Marshal, Ms. Franklin suggests that her trial, as a "low-level courier" may be severed from other qualitatively different co-defendants and proceed without the delay sought. Furthermore, although the prosecution characterizes Ms. Franklin as having "regularly" traveled between California and this metropolitan area, she submits that three (3) flights over seven (7) months does not constitute "regularly." In fact, there has not even been any allegation, yet, that the other two (2) flights that Ms. Franklin took to Dulles involved any form of controlled substance. Hence, there results only a single flight with alleged drugs on May 23, 2006, attributed to Ms. Franklin, after which she was released by law enforcement. No allegations of any subsequent criminal activity by Ms. Franklin have been made.

7. Unlike those cases cited by the Government's Motion, this case has a finite, and small, number of counts involving Ms. Franklin (only 1), and a limited number of defendants alleged to be "low-level couriers." Alternatively, it does not involved nine (9) defendants with 29

separate charges (United States v. Butz, 982 F.2d 1378 (9th Cir.), cert. denied, 510 U.S. 891 (1993)), or 19 co-defendants (United States v. Hernandez, 861 F.2d 17, 24 (2d Cir. 1988)).  As such, even as it currently exists without consideration of severance of Ms. Franklin's case, she submits that there has been an inadequate basis presented on which to exclude not only the requested amount of time for exclusion, but prospective additional time as well.  See, United States v. Gallo, 653 F. Supp. 320, 335-336 (E.D.N.Y.1986)(pre-trial detention of more than four (4) months in extortion, loansharking and racketeering case, with multiple defendants and trial delay due to unrelated cases, requires less stringent release conditions).  This is particularly the case since Ms. Franklin is held without bond and appears to be, at best, a very minor player according to the allegations made in this case so far.  Indeed, those allegations place Ms. Franklin in a distinct, and discreet, class among those indicted here, the "low-level couriers."

Therefore, Ms. Franklin urges this Honorable Court to either deny the requested exclusion of time before she may have her trial or to place her on some form of release condition so that she will not spend the better part of a year in custody while awaiting trial.  Indeed, since one of the bases for the requested exclusion is the fugitive status of others, the potential delay in Ms. Franklin's trial is indeterminate.  She submits that such a factor does not support the relief sought by the prosecution, but argues for denial of its motion.

                      Respectfully submitted,

                      _____/s/_____
                      Gary M. Sidell, D.C. Bar No. 961847
                      1100 Connecticut Ave., NW
                      Suite 1000
                      Washington, D.C. 20036
                      202-783-0060

Attorney for Lanika Mercerdes Franklin

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served by ECF on all parties to this case a copy of the foregoing pleading this 4th day of January, 2007.

_____/s/_____
Gary M. Sidell