UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal No. 06-227-10 (RBW) |
| | : |
| v. | : |
| | : |
| LANIKA MERCEDES FRANKLIN | : |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE RE EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests this Court, having already agreed to exclude the time period between September 29, 2006, and March 29, 2007 (180 days) for the earlier-arrested defendants, to now exclude less than 95 days of the period between October 6, 2006, and March 29, 2007, under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A) with respect to Defendant Lanika Mercedes Franklin. As grounds for this reply, the United States corrects its earlier calculation and offers the following:

**CHRONOLOGY**

Ms. Franklin and the other defendants were indicted on July 27, 2006. The agents in this case did a nationwide take-down on August 1, 2006, during which time they did not locate Ms. Franklin. Ms. Franklin was not arrested in California until October 6, 2006. She was presented the same day under Magistrate Case Number 06-1761M in the Central District of California. She challenged the warrant that issue from the Magistrate Judge in this case, claiming that she was not the person who was wanted in the District of Columbia, and a hearing was held to determine her identity. Eventually, after the judge in California found she was the person wanted on this warrant, she was

ordered removed to the District of Columbia on October 25, 2006, where she finally arrived on November 5, 2007.

## ARGUMENT

The Speedy Trial Act careful lists the circumstances under which time should be excluded from its calculation. In the case of Ms. Franklin, the Speedy Trail Act itself forms the basis for excluding much of the time between her arrest on October 6, 2006, and March 29, 2007.

First the case in which she is charged is complex. Title 18, U.S.C. § 3161(h)(8)(A) allows the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to § 3161(h)(8)(A).

Where the Court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established " the Court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii) and (iv). Counsel for the defendant appears to contest the complexity of the case on two scores: 1) that the case is presented in a one-count indictment as to Ms. Franklin, and 2) that her involvement in the case was so discreet that it cannot have the same factual complexity as that of the other defendants. Neither argument has merit. The fact that the Conspiracy charged in the Indictment is in one-count is not a factor listed in the statute.

Instead it is the sheer volume of the evidence and the time that will be needed to review it that makes this case complex. The specific facts giving rise to this complexity were listed in the government's first filing for exclusion of time, but they included the length of the surveillance tapes, the duration and complexity of the conspiracy, the wiretap calls, and the financial records, among others. Second, Ms. Franklin imagines by her motion that she is not a member of the conspiracy because she is a courier. This is not correct. She was a regular drug courier who was known to at least three of the cooperators. She was stopped at Dulles International Airport on May 24, 2006, during the wiretap with more than 3.7 kilograms of PCP in her luggage. At that time, she was not alone, knitting her hands and looking lost. She was with Tinesha Adams, a courier who had made more than 20 trips on behalf of this conspiracy. Adams also had more than 3.7 kilograms of PCP in her luggage at the time. Ms. Franklin met face-to-face with Special Agent Jesus Gomez that day. Instead of being jettisoned by the other conspirators, Ms. Franklin and Adams continued on their way, meeting up with Troy Hopkins and other conspirators, who helped them make their way back to California. Both women were the subjects of considerable chatter on the wiretap by other members of the conspiracy who were clearly upset after their interdiction. Defendant Franklin is not a peripheral figure in this conspiracy who is so removed from its network that she should be treated differently under the Speedy Trial Act or any other act. As with the other defendants, her case is complex necessitating exclusion of time for that reason.

    Second, there has already been a ruling from this Court tolling the Speedy Trial calendar until March 29, 2007, in the interests of justice and this also should apply to Ms. Franklin. 18 U.S.C. § 3161(h)(1), (7) provides in relevant part that a court shall exclude a reasonable period of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no

motion for severance has been granted." Further, "[e]very court to consider this section has concluded that and 'exclusion to one defendant applies to all co-defendants." United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1992) (*quoting* United States v. Edwards, 627 F.2d 460, 461 (D.C. Cir.), cert. denied, 449 U.S. 872, 101 S.Ct. 211 (1980)); *see also* United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986), cert. denied, 479 U.S. 1090, 107 S.Ct. 1298 (1987); United States v. Rush, 738 F.2d 497, 504 (1st Cir. 1984), cert. denied, 470 U.S. 1004, 105 S.Ct. 1388 (1985); United States v. Campbell, 706 F.2d 1138, 1141 (11th Cir. 1983); United States v. Fogarty, 692 F.2d, 542, 546 (8th Cir. 1982), cert. denied, 460 U.S. 1040, 103 S.Ct. 1434 (1983); United states v. McGrath, 613 F.2d 361, 366 (2d Cir. 1979), cert. denied (*sub nom*) Buckle v. United States, 446 U.S. 967, 100 S.Ct. 2946 (1980). Under this analysis, the time has already been excluded under the Speedy Trial Act for Ms. Franklin. If not, it should be excluded consistent with the other defendants.

Third, Ms. Franklin spent a period of time in transit in this case, and this time should also be excluded. Title 18 U.S.C. § 3161(h)(1)(H) provides for exclusion of the period of "[d]elay resulting from transportation of any defendant from another district . . ., except that any time consumed in excess of ten days from the date of an order of removal or directing an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." In this case, the defendant was ordered removed to this jurisdiction on October 25, 2006. She spent a remarkably short period of time in transit to this jurisdiction, arriving here in less than two weeks on November 5, 2006. As a result, this period of time should also be excluded under the Speedy Trial Act as well.

Finally, the filing of various motions (including the Motion for Exclusion of Time filed on December 22, 2006, by the government) also served to toll the period under the Speedy Trial Act.

Title 18 U.S.C. Code §3161(h)(1)(F) provides that any "delay resulting from the *any* pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" (emphasis added) shall be excluded from the time used to calculate the period for a speedy trial. Therefore the period of time since December 22, 2006, when the government filed its motion to the time when this motion is resolved should also be excluded.

    WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court to enter an Order excluding from computation under the Speedy Trial Act the time period from December 23, 2006, and March 29, 2007 (95 days less the time during which this motion has been pending and not resolved), as well as the period for transportation, with respect to Defendant Lanika Mercedes Franklin.

    Respectfully submitted,

    JEFFREY A. TAYLOR.
    United States Attorney

By:    S. ELISA POTEAT
    Bar No. 420-604
    EMORY V. COLE
    Assistant United States Attorneys
    555 4th Street, N.W.
    Washington, D.C. 20530

CERTIFICATE OF SERVICE

      I hereby certify that a copy of this motion has been E-mailed or faxed to the below-listed counsel for the defendants, on this 22nd day of December, 2006:

1)     Mr. Howard Bernard Katzoff, Esq.
       Counsel for Defendant Lawrence Bryant
       katzoffh@aol.com

2)     Mr. James W. Rudasill, Jr., Esq.
       Counsel for Defendant John Downs
       rudasilljr7@aol.com

3)     Mr. Nathan Silver, Esq.
       Counsel for Defendant Darnell Jackson
       nisquire@aol.com

4)     Mr. Rudy Acree, Esq.
       Counsel for Defendant Bernie Hargrove
       Faxed to 202-331-7004

5)     Mr. Jensen Barber, Esq.
       Counsel for Defendant Keith Roots
       jebarber@aol.com

6)     Mr. Gary Sidell, Esq.
       Counsel for Defendant Lanika Mercedes Franklin
       suitcase@verizon.com

7)     Mr. Harry Tun
       Counsel for Defendant Troy Chavious
       Tunharry@aol.com

8)     Mr. Steven McCool
       Counsel for Defendant Damon Dixon
       smccool@mallonandmccool.com

 

                                        S. ELISA POTEAT
                                        ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Criminal No. 06-227-10 (RBW) |
| | : |
| v. | : |
| | : |
| LANIKA MERCEDES FRANKLIN | : |
| | : |

### ORDER

The Government having filed a motion to exclude time under the Speedy Trial Act, the Court hereby makes the following findings:

1. Additional time is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to fully prepare the defense for trial. The findings made by this Court previously with respect to the Speedy Trial Act apply to Defendant Franklin. The Court finds further that, without such additional time, defense counsel would not be able to effectively represent their respective clients at trial.

2. Based on the quantity of evidence, the Court finds that this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

3. Regardless of whether this case is "complex", based upon the quantity of evidence, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), the failure to provide additional time would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Case 1:06-cr-00227-RBW    Document 64    Filed 01/10/2007    Page 8 of 9

4. A period of ten days shall be excluded for the time during which Defendant Franklin was in transit to this jurisdiction from the Central District of California.

5. The period from December 22, 2006 to January ___, 2007, should be excluded as motions were filed and pending at that time.

4. Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

THEREFORE, it is this _____ day of _____, 2007, hereby

ORDERED, that, in accordance with 18 U.S.C. §§ 3161 (h)(8)A), (h)(8)(B)(ii), (h)(8)(B)(iv) and (h)(7), the period of time from December 22, 2006, 2006, and March 29, 2007, (__ days), shall be excluded from the computation of time within which to commence trial against Defendant Lanika Mercedes Franklin.

 

_____
REGGIE B. WALTON
UNITED STATES DISTRICT COURT

Copies to:
    Assistant United States Attorneys:
    S. Elisabeth Poteat and Emory Cole
    elisabeth.s.poteat@usdoj.gov
    emory.v.cole@usdoj.gov

    Defense Counsel:
1)     Mr. Howard Bernard Katzoff, Esq.
    Counsel for Defendant Lawrence Bryant
    katzoffh@aol.com

2)     Mr. James W. Rudasill, Jr., Esq.
    Counsel for Defendant John Downs
    rudasilljr7@aol.com

3)     Mr. Nathan Silver, Esq.
    Counsel for Defendant Darnell Jackson

nisquire@aol.com

4) Mr. Rudy Acree, Esq.
   Counsel for Defendant Bernie Hargrove
   Faxed to 202-331-7004

5) Mr. Jensen Barber, Esq.
   Counsel for Defendant Keith Roots
   jebarber@aol.com

6) Mr. Gary Sidell, Esq.
   Counsel for Defendant Lanika Mercedes Franklin
   suitcase@verizon.com

7) Mr. Harry Tun
   Counsel for Defendant Troy Chavious
   Tunharry@aol.com

8) Mr. Steven J. McCool
   Attorney for Defendant Damon Dixon
   smccool@mallonandmccool.com