UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal Action No. 06-227-10 (RBW) |
| LANIKA MERCEDES FRANKLIN, | ) |
| Defendant. | ) |

## ORDER

Currently before the Court is the government's motion for exclusion of time under the Speedy Trial Act.[1] In this motion, the government asks that the time period between December 23, 2006, and March 29, 2007, be excluded from Speedy Trial Act calculations for defendant Lanika Mercedes Franklin ("the defendant") given the complexity of the case, "[t]he vast amount

---

[1] The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either the defendant's first appearance before a judicial officer or the filing of an indictment, whichever is later. 18 U.S.C. § 3161(c)(1) (2000). The Act further provides that the judge may exclude time from Speedy Trial Act calculations upon a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). One factor that may be taken into account in making this finding is whether "[a] case is so unusual or complex, due to the number of defendants[ or] the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [in the Act]." 18 U.S.C. § 3161(h)(8)(B)(ii).

In addition, the Act provides for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). This has been interpreted to mean that "all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant," even when the latest co-defendant has not yet appeared in court. Henderson v. United States, 476 U.S. 321, 323 n.2 (1986); see, e.g., United States v. Casas, 425 F.3d 23, 31 (1st Cir. 2005) (applying Henderson to find that "the [Speedy Trial Act] clock does not . . . begin to run until the date of the most recent defendant's initial appearance before the [C]ourt") (citations omitted); United States v. Eady, 64 Fed. Appx. 874, 875 (4th Cir. 2003) (per curiam) (finding that "[u]nder the Speedy Trial Act, a defendant must be tried within seventy days from the filing date of the indictment or from the date the last co-defendant to appear has appeared before a judicial officer, whichever date is later") (citing Henderson) (other citation omitted) (emphasis added); United States v. Franklin, 148 F.3d 451, 455 (5th Cir. 1998) (finding that "[u]nder [§ 3161(h)(7)], the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court") (footnote omitted).

1

of evidentiary material," and the "lengthy period of time" that will be necessary for both sides to prepare for trial.[2] Motion at 3; see also id. at 2 (arguing that "[g]iven the voluminous nature of the evidence on which the related indictments are based, discovery review by able counsel in this matter will be protracted and time-consuming"); id. at 4 (contending that "this case is sufficiently unusual and complex . . . that a reasonable time is necessary for . . . effective preparation by both the defense and the Government"). At the December 15, 2006 status conference in this matter, the Court directed the defendant to file her opposition, if any, to the government's motion by January 5, 2007. She has not done so. The time period between September 29, 2006, and March 29, 2007, has already been excluded from Speedy Trial Act calculations for the other defendants in this twelve-defendant case. Order at 2, United States v. Darnell Jackson, et al. (Crim. No. 06-227) (RBW) (October 27, 2006); see also United States v. Edwards, 627 F.2d 460, 461 (D.C. Cir. 1980), cert. denied, 449 U.S. 872 (1980) (stating that in a multi-defendant case, "exclusion to one defendant applies to all co-defendants"). After carefully reviewing the government's motion and the facts of this case, the Court concludes that "the case is so unusual or complex," especially in light of the number of defendants and the extensive and wide-ranging ongoing investigation which led to these indictments, "that it is unreasonable to expect adequate preparation for pretrial

---

[2] The government's reply to the defendant's opposition to the motion for exclusion of time also correctly notes that the time between the filing of the government's motion and this Order ruling on the motion is excluded from Speedy Trial Act calculations by 18 U.S.C. § 3161(h)(1)(F). Government's Reply to Defendant's Response re Exclusion of Time Under the Speedy Trial Act at 5; see also 18 U.S.C. § 3161(h)(1)(F) (stating that "delay relating to any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" shall be excluded from Speedy Trial Act calculations).

proceedings or for the trial itself within the time limits established [in the Speedy Trial Act]."[3]

18 U.S.C. § 3161(h)(8)(B)(ii). Accordingly, it is hereby

**ORDERED** that the government's motion for exclusion of time is GRANTED. It is further

**ORDERED** that the time period between December 23, 2006, and March 29, 2007, is excluded from the defendant's Speedy Trial Act calculations.

**SO ORDERED** this _____ day of January, 2007.

REGGIE B. WALTON
United States District Judge

---

[3] In opposing the government's motion for exclusion of time under the Speedy Trial Act, the defendant argues that she is only charged in one count of the indictment and is alleged to have participated in the purported drug trafficking conspiracy only as a "low-level courier[] . . . as distinct from those co-defendants more directly and immediately involved with any controlled substances." Lanika Mercedes Franklin's Opposition to Government's Motion for Exclusion of Time Under the Speedy Trial Act ("Def.'s Opp.") at 3. However, the defendant has not moved for a severance of her case from that of her co-defendants, and unless and until such a severance is sought and granted, the caselaw is clear that "exclusion [of time under the Speedy Trial Act for] . . . one defendant applies to all co-defendants." Edwards, 627 F.2d at 461. The defendant also argues that because she is being held without bond pending the resolution of this case pursuant to an order by Magistrate Judge Kay, the fact that several co-defendants are currently fugitives means that "the potential delay in [her] trial is indeterminate." Def.'s Opp. 4. The defendant accordingly "urges this . . . Court to either deny the requested exclusion of time . . . or to place her in some form of release condition so that she will not spend the better part of a year in custody while awaiting trial." Id. As noted above, however, the Speedy Trial Act specifically provides for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted," even when such co-defendants have not yet been apprehended. 18 U.S.C. § 3161(h)(7). Moreover, to the extent that the defendant is challenging Magistrate Judge Kay's order, such a challenge is not properly before the Court at this time.